UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES MAHON. | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | ) |
| IMS HEALTH INCORPORATED | ) |
| | ) |
| Respondent | ) AUGUST 20, 2013 |

**PETITION TO CONFIRM ARBITRATION AWARD**

James Mahon (the "Petitioner" or "Mahon") hereby petitions, pursuant to the Federal Arbitration Act, 9 U.S.C. Section 9[1] and Conn. Gen. Stat. Section 52- 417 for an order confirming a certain arbitration award dated May 8, 2013 and supplemental award dated August 12, 2013 (the "Award") involving matters between the Petitioner and IMS Health Incorporated ("IMS" or "Respondent").  In support of this Petition, Mahon states:

1. On October 30, 2008, the Petitioner and the Respondent entered into a written

---

[1] Because the parties did not, in their arbitration agreement, agree on any particular state's arbitration procedural rules or laws applying to the Arbitration or the Award, the Federal Arbitration Act governs this Motion.  *See Security Ins. Co. v. Trustmark Ins. Co.*, 283 F. Supp.2d 602 (2003); *see also Volt Information*

ORAL ARGUMENT REQUESTED

agreement for arbitration.

2. On or about April 15, 2011, Petitioner commenced the arbitration before the American Arbitration Association in a matter captioned *James Mahon and IMS Health Incorporated,* Case No. 12 166 00199 11 (the "Arbitration").

3. The parties conducted the Arbitration hearings for nineteen (19) days before a panel of three (3) arbitrators, George D. Royster, Jr., Stewart I. Edelstein, and Emanuel N. Psarakis. Twenty (20) witnesses testified at the Arbitration, generating over 5,000 pages of transcripts and the parties submitted over 350 exhibits.

4. Prior to proceeding with the Arbitration hearings, the parties offered extensive pre-hearing briefs and lengthy detailed statements of claim.

5. On February 27, 2013, the parties made final oral arguments over the course of an entire trial day.

6. On May 8, 2013, the arbitrators, pursuant to the Agreement, made a written Award, a copy of which Award is annexed marked Exhibit 1 and notified Respondent of the Award on the same day.

7. On August 12, 2013, the arbitrators issued a supplemental Award, a copy of

---

*Sciences, Inc. v. Board of Trustees*, 489 U.S. 468 (1989).

which is annexed marked Exhibit 2 and notified Respondent of the supplemental Award on the same day.

8. "The Federal Arbitration Act reflects a liberal federal policy in favor of arbitration agreements as means of settling disputes.  An award shall be confirmed in the absence of a basis on which to vacate the judgment.  Grounds for vacatur include, *inter alia*, (1) where the award was procured by corruption, fraud, or undue means, or (2) where there was evident partiality or corruption in the arbitrators." *Doctor's Assoc., Inc. v. Hu*, 2003 WL 22290304 (D. Conn. 2003)(Dorsey, J.)(internal quotations omitted).

9. "Judicial discretion to vacate arbitration awards is limited under the FAA, and great deference is given to these awards." *Id.*

10. Though, in some circumstances, a Court may vacate an arbitration award where the arbitrator has manifestly disregarded the law, such review "is severely limited." *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 202 (2d Cir. 1998).

11. "Review under the doctrine of manifest disregard of the law is not an inquiry into the correctness of the decision, and the erroneous application of rules of law is not a ground for vacating an arbitrator's award, nor is the fact that an arbitrator erroneously decided the facts." *Hamilton v. Sirius Satellite Radio, Inc.*, 375 F.

Supp. 2d 269, 273-74 (S.D.N.Y. 2005)(citing *Siegel v. Titan Indus. Corp.*, 779 F.2d 891, 892-93 (2d Cir. 1985).

12. "The arbitration decision must be confirmed if there is even a barely colorable justification for the outcome reached." *In Re Arbitration Between Andros Compania Maritima and Marc Rich & Co., A.G.*, 579 F.2d 691, 703-04 (2d Cir. 1978).

13. "Vacating an award for manifest disregard of the law is appropriate only in those exceedingly rare instance[s] where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." *Hamilton v. Sirius Satellite Radio, Inc.*, 375 F.Supp.2d 269, 274 (S.D.N.Y. 2005).

14. "Accordingly, in the last fifty-five years, the Court of Appeals for the Second Circuit has vacated some part or all of an arbitral award for manifest disregard of the law in only four of at least forty-eight cases." *Id.*

15. "These low odds are a reminder that interference with arbitration awards would thwart the usefulness o[f] arbitration, making it the commencement, not the end, or litigation. *Id.*

16. In this matter, after hearing nineteen (19) days of testimony from twenty (20) witnesses and reviewing hundreds of documents, the arbitrators rendered the

Award.

17. Respondent has no basis to dispute the Award or to have the Court vacate the same.

Wherefore, Petitioner respectfully petitions that the Court enter an order confirming the Award and entering judgment thereon.

**PETITIONER, JAMES MAHON**

By /s/ Gary S. Klein
Gary S. Klein (ct09827)
Sandak Hennessey & Greco, LLP
707 Summer Street
Stamford, CT  06901-1026
(203) 425-4200
(203) 325-8608 (fax)
gklein@shglaw.com
His Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2013 a copy of the foregoing was served via electronic mail on Harvey A. Ashman, Senior Vice President and General Counsel of IMS, who agree to accept service of the foregoing via electronic mail.

    /s/ Gary S. Klein
    Gary S. Klein